**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RYAN LEE WEGELE,

    Plaintiff,

vs.                                      Case No.  3:15-cv-1061-J-34JBT

JUAN LUYADO, CITY OF
JACKSONVILLE, R.G. BLAYLOCK, and
JACKSONVILLE BEACH POLICE
DEPARTMENT,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Plaintiff initiated the instant action by filing a ten-count Complaint (Doc. No. 2; Complaint) in state court.  On August 27, 2015, Defendant City of Jacksonville removed the action to this Court with the consent of Defendants R.G. Blaylock and Jacksonville Beach Police Department.[1]  See Notice of Removal (Doc. No. 1; Notice); Notice of Consent to Removal (Doc. No. 3; Consent).  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies

---

[1] Defendant City of Jacksonville represents that Defendant Juan Luyando has not yet been served, and accordingly, it did not request his consent to removal.  Notice ¶3.

in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count of the Complaint incorporates "all the allegations set forth in each preceding paragraphs." See Complaint at 4-8.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Additionally, the Complaint fails to comply with Local Rule 1.05(a), United States District Court, Middle District of Florida (Local Rule(s)), which provides:

> [a]lthough a quotation of three (3) lines or more may be single-spaced and indented and a footnote shall be single-spaced in no smaller than ten-point type, all pleadings and other papers tendered by counsel for filing shall be typewritten, **double- spaced**, in at least twelve-point type . . . .

Local Rule 1.05(a) (emphasis added).

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. No. 2) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **September 28, 2015**.[2]  Failure to do so may result in a dismissal of this action without prejudice.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida, on this 2nd day of September, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record

---

[2] The Court notes that Plaintiff's Complaint contains two different counts labeled as Count VII and appears to misspell Defendant Blaylock as "Blalock" in the caption and throughout the Complaint. In filing his amended complaint, Plaintiff may want to ensure that his counts are correctly numbered and that the names of all parties are correctly spelled.