UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN LEE WEGELE,

        3:15-cv-01061-MMH-JBT

    Plaintiff,

v.

JUAN LUYANDO, individually,
CITY OF JACKSONVILLE,
R.G. BLALOCK, individually,
JACKSONVILLE BEACH
POLICE DEPARTMENT,

    Defendants.
_____

### DEFENDANT LUYANDO'S MOTION IN LIMINE

(JSO POLICY, PRIOR USES OF FORCE,
DISCIPLINE AND ARREST OF DEFENDANT LUYANDO)

Defendant Juan Luyando ("Luyando") hereby moves *in limine* to exclude any and all argument, testimony or evidence related to Jacksonville Sheriff's Office ("JSO") administrative policy, prior uses of force by Luyando, disciplinary actions taken by the JSO against him and his arrest and prosecution as a result of this matter. In support, Luyando alleges as follows:

1. The case has been set for trial.

2. Pursuant to this incident, Luyando was the subject of criminal and administrative internal investigations of the incident by the JSO.

3. As a result of the criminal investigation, the JSO arrested Luyando for battery and he was subsequently prosecuted by the State Attorney for the Fourth Judicial Circuit of Florida. Luyando entered a plea of no contest to that charge.

1

4. Because of the administrative internal investigation, the JSO terminated Luyando, who appealed his termination through the collective bargaining grievance process. An independent arbitrator ultimately upheld Luyando's termination.

5. Luyando anticipates that at trial Plaintiff's counsel will seek to introduce evidence suggesting that he violated JSO policies and/or procedures during the course of the incident.

6. Luyando also anticipates that Plaintiff's counsel will attempt to introduce evidence, make reference to, argue, or otherwise elicit testimony at trial regarding the JSO's administrative investigation and disciplinary proceedings against Luyando and the criminal investigation, arrest and prosecution related to this incident.

7. Defendants also anticipate that Plaintiff's counsel will seek to introduce evidence of prior Internal Affairs complaints against Luyando and prior uses of force by him.

8. These disciplinary matters, complaints and uses of force are unrelated matters that are not similar to the instant facts and, therefore, are irrelevant and inadmissible.

9. This evidence is contrary to the rules and laws governing the courts of the United States, in that the evidence is both irrelevant and improper character evidence.

10. The undersigned has conferred with opposing counsel regarding the matters raised in this motion and opposing counsel objected to the relief requested.

**Memorandum of Law**

**I.      Evidence of Luyando's violations of JSO policies is generally not admissible.**

Evidence or argument that Luyando allegedly violated JSO policies or procedures is irrelevant and not admissible pursuant to FRE 402.  Even if the Plaintiff could present clear evidence Luyando violated JSO policies and procedures, those violations would not transform into constitutional violations.  *Tanberg v. Sholtis*, 401 F.3d 1151, 1159-60 (10th Cir. 2005).  "Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." *Davis v. Scherer,* 468 U.S. 183, 194, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).  Simply put, violations of police regulations are insufficient to ground a § 1983 action for excessive force, and argument or evidence of such alleged violations should be excluded from trial.  See *Marquez v. City of Albuquerque,* 399 F.3d 1216 (10th Cir.2005); *Medina,* 252 F.3d at 1133 (10th Cir.2001); *Romero v. Board of County Com'rs of County of Lake, State of Colo.,* 60 F.3d 702, 705 (10th Cir.1995); *Wilson v. Meeks,* 52 F.3d 1547, 1554 (10th Cir.1995).  The violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.  *Thompson v. City of Chicago*, 472 F.3d 444, 454-55 (7th Cir. 2006); *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir.2001); *Soller v. Moore,* 84 F.3d 964, 969 (7th Cir.1996).

Because there is a different standard for violating JSO policies compared to unlawfully using force in violation of the Eighth Amendment, the evidence could lead the jury to an erroneous conclusion that violations of JSO policies make Luyando liable for violating the Constitution.  Accordingly, any reference to or argument regarding any of these policy violations would be highly prejudicial to Luyando and would only confuse the jury.

## II. Evidence of Luyando's administrative discipline and arrest is not admissible.

FRE 404(b) states: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." It is well settled law that prior acts or conduct may not be admitted to prove that a person acted in a similar fashion in the case at hand. *United States v. Garcia*, 880 F.2d 1277 (11th Cir. 1989). There are two exceptions to the general rule that evidence of prior acts or conduct is inadmissible. Rule 608 and 609 allow evidence of misconduct or criminal convictions if the conduct in question is probative of truthfulness, and the rules allow evidence of prior acts to show motive, opportunity, intent, knowledge, identity, etc. Evidence offered under Rule 404(b) must also be specifically determined to be more probative than it is prejudicial. *Id*.

Neither the JSO administrative disciplinary proceedings against Luyando, nor his criminal arrest and prosecution, tend to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, as required by FRE 404(b). Further, the prejudicial effects of this evidence substantially outweighs any probative value they may have. FRE 403.

Likewise, the administrative investigation and arbitration should not be admitted under FRE 608(b), which provides:

> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting [his] credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning [his] character for truthfulness or untruthfulness, or (2) concerning the

> character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The factors to be considered in deciding whether to allow inquiry about past conduct under Rule 608(b) include: the probativeness of the conduct on the issue of truthfulness; the nature and remoteness of that conduct; the importance of credibility as an issue in the case; the importance of the witness's testimony; the probable effect on the jury if the conduct is disclosed, including the potential for undue prejudice; the tendency of the evidence to confuse the jury or unduly prolong the trial; and the extent to which the witness's credibility is otherwise effectively impeached. *See, e.g., United States v. Weichert*, 783 F.2d 23, 25-26 (2d Cir.), *cert. denied*, 479 U.S. 831 (1986); *United States V. Abel,* 469 U.S. 45 (1984); *United States v. Dickens,* 775 F.2d 1056 (9th Cir. 1985); *United States Of America v. Phillips*, 1995 U.S. App. LEXIS 3850 (4th Cir. 1995); *Tigges v. Cataldo*, 611 F.2d 936 (1st Cir. 1979).

Evidence of the JSO's termination of Luyando would not establish that he has a reputation for lack of truthfulness. The opinions of the JSO administrative investigators and command staff, regarding Luyando's adherence to JSO regulations are irrelevant unless the opinions and findings relate to reputation. Otherwise, it is merely an opinion comment regarding another witness's character. In a similar manner, evidence of Luyando's arrest and conviction for battery on the Plaintiff does not relate to reputation for lack of truthfulness. Neither the JSO administrative investigation, nor the arrest and prosecution dealt with conduct that tended to prove Luyando's character for truthfulness or untruthfulness, as required by FRE 608(b). If such specific acts of conduct are disclosed, there is a high potential for undue prejudice and confusion the jury.

Evidence of the JSO administrative investigation and arrest and prosecution would improperly invade the province of the trier of fact, in this case the jury. The internal administrative investigation found that Luyando violated JSO regulations by improperly using force. The criminal investigation found that Luyando intentionally touched the Plaintiff against his will. In essence, the Plaintiff would want to admit administrative and criminal judgments, along with their findings of fact, as evidence against Luyando. The instant case requires the jury to determine whether Luyando violated the Constitution by using force maliciously and sadistically in violation of the Eighth Amendment, not whether he violated JSO regulations. As there is a different standard for violating a JSO administrative rule compared to violating the law, the evidence could lead the jury to the conclusion that an element of the alleged offense had been proven.

At common law, a judgment from another case could not be admitted as evidence. *Nipper v. Snipes*, 7 F. 3d 415 (4th Cir. 1993). As a judge is not an investigator, findings of fact in a previous case are not admissible in another case. *United States v. Jones*, 29 F. 3d 1549 (11th Cir. 1994). Civil judgments are not useable in subsequent proceedings as evidence of the facts underlying the judgment, for as to those facts, the judgment is hearsay. *Greycas, Inc. v. Proud*, 826 F. 2d 1560 (7th Cir. 1987). A practical reason for denying judgments evidentiary effect is the difficulty in weighing a judgment, considered as evidence, against whatever contrary evidence a party might want to present. *Id.* at 1567.

Additionally, evidence of the type contemplated here is inadmissible evidence of subsequent remedial measures, as expressly prohibited by FRE 407:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct ...

6

Where, as here, a department or agency disciplines its officers for an act determined to be violative of the agency's regulations, the agency is ensuring that errors in judgment and action are not repeated. The United States Court of Appeals for the Tenth Circuit held that a press release summarizing a city's investigation and disciplinary action against an officer set out remedial measures taken by the city to prevent the recurrence of poor judgment. *Specht v. Jensen*, 863 F. 2d 700 (10th Cir. 1988); *see also, Maddox v. Los Angeles*, 792 F. 2d 1408, 1417 (9th Cir. 1986) ("The Internal Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident. Pursuant to Fed. R. Evid. 403, evidence of these proceedings was therefore properly excluded with respect to the City's liability.") It is frequently held that admitting this type of evidence is against public policy because to hold otherwise would discourage government agencies from engaging in self-improvement and penalize them for doing the right thing. *See, e.g., Spina v. Forest Preserve of Cook County,* 2001 U.S. Dist. Lexis 19146 *9 (N.D.Ill.) (jury should not hear that employee was terminated following event as remedial measure); *Luera v. Snyder*, 599 F.Supp. 1459, 1463 (D.C. Colo. 1984) (testimony regarding subsequent changes in police department policy inadmissible because if "such potentially damaging evidence" is permitted, "remedial measures which are to the benefit of the public at large might be foregone by defendants afraid of the prejudicial effect such evidence would have in lawsuits."); *Wanke v. Lynn's Transp. Co.*, 836 F.Supp. 587, 595 (N.D.Ind. 1993) ( post-event discipline of tort-feasor employee excluded).

Furthermore, the JSO administrative investigation and Luyando's arrest and prosecution are improper subjects of impeachment material under FRE 609. FRE 609(a)(1) states, "evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403 ..." and FRE 609(a)(2) states that "evidence that a witness has been convicted of a

crime shall be admitted ... if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." In a Florida Supreme Court case that dealt with a similar issue under the corresponding Florida State Evidence Code provision, § 90.610, the Florida Supreme Court held that evidence relating to an officer's suspension and demotion for allegedly suborning perjury was improper cross examination material. *Jackson v. State*, 545 So.2d 260, 264 (Fla. 1989) ("The evidence proffered by appellant concerned general acts of misconduct, and, under our existing law, that type of evidence must be excluded ... [f]urther, and more important, section 90.610, Florida Statutes ... directs that a witness's credibility may be impeached only by convictions of crimes involving dishonesty or false statements. Clearly, a police department reprimand is not a criminal conviction as contemplated by this statute.") (citations omitted).

**III.    Evidence of prior uses of force is not admissible.**

Evidence of past uses of force by Luyando is also inadmissible for an additional reason – none of it is similar enough to the instant facts so as to have any probative value. See *Dickinson v. Gonzalez*, 839 So.2d 709 (Fla. 3d DCA 2003), holding that although the FHP trooper's prior disciplinary history was extensive, it was inadmissible and prejudicial because it was not similar enough to the complained-of conduct to be probative of any issue in the case. In the situation at hand, the administrative investigations document proper uses of non-deadly force that are dissimilar to the facts of this case. There is nothing in Luyando's personnel files that is probative of any issue in this lawsuit.

As to the foregoing, an ordinary objection during the course of trial, even if sustained with proper instructions to the jury, will not remove the resulting prejudicial effect from the jury.

WHEREFORE, Defendants respectfully request that the Court grant Luyando's Motion *in Limine*.

>Respectfully submitted,
>
>ROBERT D. KLAUSNER
>Florida Bar No. 244082
>PAUL A. DARAGJATI
>Florida Bar No. 713813
>KLAUSNER, KAUFMAN, JENSEN
>& LEVINSON, P.A.
>7080 NW 4th Street
>Plantation, Florida 33317
>Telephone: (954) 916-1202
>Fax: (954) 916-1232
>
>By: */s/ Paul A. Daragjati*
>　　Paul A. Daragjati
>　　*Counsel for Luyando*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 4, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

>By: */s/ Paul A. Daragjati*
>　　Paul A. Daragjati
>　　*Counsel for Luyando*