**UNITED STATES DISTRICT COURT**
**fMIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RYAN LEE WEGELE,

           Plaintiff,

                                Case No. 3:15-cv-01061-MMH-JBT

vs.

JUAN LUYANDO, as an individual, and
CITY OF JACKSONVILLE,

           Defendants.

_____/

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT**
**LUYANDO'S**
**MOTION IN LIMINE**

      Plaintiff, RYAN LEE WEGELE, ("Plaintiff"), through the undersigned counsel, responds

to JUAN LUYANDO's Motion in Limine [Doc. 59], and in support thereof, states as follows:

**BACKGROUND**

      This Defendant, Juan Luyando was the subject of termination proceedings after the incident

that is the subject of the complaint in this case.   After Defendant Luyando's arrest and internal

investigations, Defendant Luyando's termination was upheld.   This matter is now set for trial and

Defendant Luyando seeks to keep references to prior uses of force, his disciplinary proceedings,

and his arrest, out of trial.

**MEMORANDUM OF LAW AND ARGUMENT**

      This motion in limine is not proper in this situation.   Pretrial motions in limine are routinely

denied as premature, for the reason that they cannot be adequately evaluated until the context of

admission of the evidence becomes clear. See, e.g., Bodden v. Quigley, 2014 WL 5461807, *1 (S.D. Fla. 2014); United States v. Posner, 594 F. Supp. 923, 928 (S.D. Fla. 1984) aff'd, 764 F.2d 1535 (11th Cir. 1985); Kona Spring Water Distrib., Ltd. v. World Triathlon Corp., 2007 WL 842968, *2 (M.D. Fla. 2007)

Luyando's prior disciplinary record is admissible.  Defendant argues that the discipline records amounts to subsequent remedial measures.  This would not apply as a subsequent remedial measure for this defendant.  In *Specht v. Jensen*, the remedial measures are taken by the City employer, not the person that is being terminated.  The defendant should not be able to use his own termination as a remedial measure.

Prior use of force is admissible in this case.  The undisputed uses of force in this case both involved Defendant Luyando striking restrained detainees while he was on the job while not being in any danger and having no perceived threat.  The two cases have very similar fact patterns.

Any testimony about relevant policies and procedures of Defendant Luyando's employer is admissible under FRE 402.  Plaintiff should be allowed to introduce testimony and evidence about Defendant Luyando's record and about his employers' policies and procedures for a variety of reasons, and must do so in order to prove the allegations in the complaint.  Any objections must be made at the time of the testimony at trial.

## CONCLUSION

For the foregoing reasons, Plaintiff, Ryan Wegele respectfully requests this Honorable Court deny Defendant Luyando's Motion in Limine.

Dated: June 10, 2017

Respectfully Submitted,


 /s/ Gordon Fenderson_____
Gordon Fenderson, Esquire
Trial Counsel
Florida Bar No. 0759201
8160 Baymeadows Way West, Suite 100
Jacksonville, Florida 32256
Tel. (904) 674 0007 Fax (904) 674 0070
Primary E-Mail: gfenderson@fendersonlaw.com
Secondary E-Mail: attorneys@fendersonlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on July 10, 2017, I electronically filed the foregoing document
with the Clerk of Court using CM/ECF, which will transmit Notice of Electronic Filing to counsel
of Record.


                        /s/ Gordon Fenderson____
                                Attorney