IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN LEE WEGELE

    Plaintiff,

v.

JUAN LUYANDO, as an individual,
CITY OF JACKSONVILLE, R.G.
BLALOCK, as an individual, CITY
OF JACKSONVILLE BEACH,

    Defendants.

_____/

Case No.: 3:15-CV-1061-J-34JBT

**JOINT PRE-TRIAL STATEMENT**

The parties, pursuant to Local Rule 3.06(c), Rules of the United States District Court for the Middle District of Florida, submit the following pre-trial statement:

**1.** **Basis of federal jurisdiction**

The basis of federal jurisdiction is 28 U.S.C. § 1331 (federal question jurisdiction). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and Section 768.28, Florida Statutes.

**2.** **Concise statement of the nature of the action.**

This case arises out of an incident that occurred on July 20, 2013, between the Plaintiff, who was an inmate in the Duval County Pre-Trial Detention Facility which was run by the Jacksonville Sheriff's Office ("JSO"), and Defendant Luyando[1], who was a

---

[1] Plaintiff also pursued claims against Defendants Blalock, the City of Jacksonville Beach and the City of Jacksonville; however, the claims against those Defendants have been dismissed. See Documents 55 and 65.

Jacksonville Sheriff's Office corrections officer, assigned to oversee inmates at Shands Hospital. Claims have been brought by the Plaintiff against all Defendants under federal law and Plaintiff is pursuing claims against Defendant Luyando under state law.[2] The Defendant Luyando denies liability on all claims against him.

3. **General statement of each party's case.**

   a. **Plaintiff**:

On or about July 20, 2013, Ryan Wegele was arrested in the city of Jacksonville Beach, Florida. He was transported to the Duval County jail where he was then sent to Shand's Hospital. Defendant Luyando was on duty in his official capacity as a Jacksonville Sherriff's Officer. Plaintiff, Ryan Wegele was taken into the holding cell already shackled with his feet and hands in cuffs, and with his cuffed hands chained to his waist. He was also in a wheelchair. While shackled and restrained in a wheelchair, Officer Luyando decided beat Mr. Wegele about the face and head. Offer Luyando's pattern and practice of using this type of force against restrained people in custody is established because of his prior conduct. Jacksonville Sherriff's Office was made aware of the incident immediately, but Luyando's version of the details of the incident did not coincide with what actually happened. The police report of the incident made no mention of Luyando's conduct. Plaintiff believes and will show that the Defendants had a custom pattern or practice of this type of behavior, and the Defendant Luyando assaulted and battered Plaintiff Wegele and deprived him of constitutional rights.

   b. **Defendant Luyando:**

On the date of the incident, Luyando was employed by the Jacksonville Sheriff's Office as a corrections officer and was assigned to Shand's hospital as the liaison corrections officer.

---

[2] Plaintiff originally pursued claims against Defendant City of Jacksonville under state law but Plaintiff has since withdrawn that claim. [Doc. 49]

As the liaison corrections officer, Luyando was responsible for overseeing the operations of contract security guards who interact with JSO inmates, attending to any disruptions caused by inmates and securing the orderly flow of hospital operations as they apply to inmates receiving medical care at the facility.

Late in his shift, the contract security guard sergeant called Luyando on the portable radio, asking Luyando to report to the holding cell due to a hostile, uncooperative inmate. When Luyando arrived at the main hallway outside of the holding cell, he could hear Wegele yelling and using profanity from inside the holding cell. Luyando entered the holding cell and encountered Wegele, who Luyando described as sitting in a wheel chair, "cussing and fussing," and smelling of an alcoholic beverage. Wegele was in a red jumpsuit, restrained only in four point restraints. "Four-point restraints" are a device whereby the hands are cuffed together and the feet are cuffed together, and a single chain connects the hand and feet restraints. These restraints are not tied to an inmate's waist, or to a chair, so the inmate's hands and feet still have movement.

One of Luyando's primary duties as correctional liaison officer at the hospital is to keep control of inmates and not let them interfere with hospital operations, which Wegele was doing with his loud and disruptive behavior. Wegele complained that the Jacksonville Beach police beat him up, but he was not complaining about any injuries. Wegele accused Luyando of being the Jacksonville Beach police officer that hit him, and cursed at Luyando. Luyando described Wegele as saying, "he didn't have respect for my badge, my uniform, F you, F this and that." Luyando explained to Wegele that he was a correctional officer and not a police officer, but Wegele continued "ranting" at Luyando. According to Luyando, during this time Wegele "was moving his hands up and down, and I said, look, keep your hands down. I said don't be trying to

3

reach for my gun belt. [Wegele] said what you gonna do? Are you gonna shoot me? [Wegele] started going crazy." Luyando described how Wegele was reaching out, approximately shoulder high while attempting to grab Luyando's gun belt, so Luyando placed Wegele in a "bent wrist" hold to control him. Luyando described how even though Luyando held Wegele's wrist, he still tried to "scratch and try to grab my hands."

Luyando realized that pain compliance was not working, so he decided to back away, but as Luyando let Wegele go, Wegele leaned forward and spit on Luyando. Wegele's saliva hit Luyando on his face, badge and shirt. At that moment, Luyando reacted by striking Wegele with an open hand slap on his face twice. Luyando then pushed Wegele and exited the holding cell to wash his face, remove his gloves and wipe the spit from his shirt. Luyando returned to the cell and spoke with Wegele, at which time Wegele was crying and apologizing. Wegele was spitting on himself, and asked Luyando to wipe his face, so Luyando wiped the spit from Wegele's face and the ground. This incident was captured on internal video cameras. Wegele testified that he received nothing more than a minor cut inside his mouth because of Luyando's actions. Wegele testified that he sustained emotional injuries as a result of this incident, but he hasn't seen any medical provider for his emotional problems.

Wegele was charged with Battery on a Law Enforcement Officer stemming from this incident. After the events with Luyando were brought to the attention of the Office of the State Attorney, it agreed to reduce Wegele's charges to simple battery, to which Wegele pled and was adjudicated guilty. As a result of this incident, Luyando's employment with the JSO was terminated, and he was charged with simple battery. Luyando plead no contest to the battery charge and adjudication was withheld, so he was not convicted of battery under Florida law.

Notwithstanding whether Luyando violated JSO policy or Florida law on the battery

charge, Luyando's actions do not rise to the level of a violation of the Eighth Amendment to the U.S. Constitution.

4. **Exhibits to be offered at trial.**

    a.    Plaintiff:    Plaintiff's Exhibit List (with notation of Defendants' objections) is attached as Exhibit A.

    b.    Defendant:    Defendant Luyando's Exhibit List (with notation of Plaintiff's objections) is attached as Exhibit B.

    c.    In addition, both parties anticipate using demonstrative evidence at trial. The parties agree to produce any demonstrative evidence to the other party prior to trial at a mutually agreeable time.

5. **Witnesses who may be called at trial.**

    a.    Plaintiff:    Plaintiff's Witness List is attached as Exhibit C.

    b.    Defendant:    Defendant Luyando's Witness List is attached as Exhibit D.

6. **Expert witnesses and statements of subject matter and sub-stance of testimony.**

    a.    Plaintiff:

    None

    b.    Defendant Luyando:

    None.

7. **Statement of elements of money damages.**

Plaintiff will be entitled to compensatory damages for any money lost as a result of the assault and battery and the deprivation of rights under color of law. Plaintiff is entitled to those damages that are a direct result or are reasonably probable because of the actions of the Defendant. Plaintiff will be entitled to nominal damages. Plaintiff will be entitled to punitive damages if it is found that defendant acted maliciously or wantonly in violating the Plaintiffs rights.

8. **Depositions and Arbitration Testimony to be offered in evidence at trial.**

   a. Plaintiff: Depositions testimony of the defendant and any witness who was deposed but unable to testify under Fed.R.Civ.P.32.

   c. Defendant Luyando: Deposition of Plaintiff; Any witness who was deposed but is unavailable to testify under Fed.R.Civ.P. 32.

9. **Facts which are admitted and will require no proof at trial.**

   a. Defendant City of Jacksonville is the consolidated local government of Duval County, Florida, organized and existing under the Constitution of the State of Florida.

   b. At all times material, the City of Jacksonville's agents and employees acted under color of State law.

   c. The incident involved in this action occurred on July 20, 2013 at Shands Hospital.

   d. Defendant Luyando was arrested by JSO and charged with the battery of Plaintiff. (depending on the court's ruling on motion in limine)

e. Jurisdictional allegations.

f. Venue allegations.

g. Plaintiff pleaded guilty and was adjudicated guilty to a charge of battery on Luyando. (depending on the court's ruling on motion in limine)

h. Plaintiff has complied with all conditions precedent to the bringing of this action.

**10. <u>Applicable principles of law on which there is agreement</u>.**

a. This case is governed 42 U.S.C. §§1983 and 1988 and Section 768.28, Florida Statutes.

b. Venue is proper in the Middle District of Florida.

c. This Court has jurisdiction over the claims brought under 42 U.S.C. § 1983 and §1988.

d. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claim brought under Section 768.28, Florida Statutes.

e. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978), and its progeny apply to the determination of whether any violation of Plaintiff's constitutional rights was caused by a custom, policy or practice of Defendant City of Jacksonville.

f. The Plaintiff's excessive force claim is asserted under the 14th Amendment to the United States Constitution.

**11.** **<u>Issues of fact which remain to be litigated</u>.**

<u>Plaintiff</u> :

a. The amount of damages.

<u>Defendants:</u>

a. Whether Plaintiff was acting disorderly and causing a disturbance at the hospital at the time of the incident.

b. Whether Plaintiff spit on Luyando when Luyando was speaking with him.

c. Whether Plaintiff sustained any injuries.

d. Whether Luyando's striking of the Plaintiff was done in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

**12.** **<u>Issues of law which remain for determination by the Court</u>.**

<u>Plaintiff:</u>

None

<u>Defendant Luyando</u>:

Issues raised by pending motions in limine. Whether qualified immunity is available to the Defendant in light of the United States Supreme Court ruling in *Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466 (2015).

**<u>Disagreement as to application of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.</u>**

There is no dispute. The parties agree that these proceedings are guided exclusively by both.

**13.** **Motions or other matters requiring Court action.**

    a.    Defendant's pending motions in limine.

    b.    Parties' responses to the Court's request for trial briefs on the issue of whether qualified immunity is available to the Defendant in light of the United States Supreme Court ruling in *Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466 (2015).

Respectfully submitted this 17th day of July, 2017.

| | |
|---|---|
| */s/ Gordon Fenderson*<br>**Gordon Fenderson**<br>Florida Bar No.: 0759201<br>8160 Baymeadows Way West<br>Suite 100<br>Jacksonville, Florida 32256<br>Tel: (904) 674-0007<br>Fax: (904) 674-0070<br>gfenderson@fendersonlaw.com<br>Attorney for Plaintiff | **KLAUSNER AND KAUFMAN, P.A.**<br><br>*/s/ Paul A. Daragjati*<br>**Paul A. Daragjati**<br>Florida Bar No. 0713813<br>**Robert D. Klausner**<br>Florida Bar No. 244082<br>7080 N.W. 4th Street<br>Plantation, Florida 33317<br>Telephone: (954) 916-1202<br>Facsimile: (954) 916-1232<br>Email: paul@robertdklausner.com<br>Attorney for Luyando |