**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RYAN LEE WEGELE,

                                                                    3:15-cv-01061-MMH-JBT

       Plaintiff,

v.

JUAN LUYANDO, individually,
CITY OF JACKSONVILLE,
R.G. BLALOCK, individually,
JACKSONVILLE BEACH
POLICE DEPARTMENT,

       Defendants.

_____/

### DEFENDANT LUYANDO'S SECOND MOTION IN LIMINE

Defendant LUYANDO hereby moves *in limine* to exclude any testimony by Robert

Wegele.  In support thereof, Defendants state:

1.     This case has been set for trial.

2.     On November 20, 2015, the parties were required to provide their initial

disclosures.

3.     Plaintiff's initial disclosures did not list Robert Wegele as a witness.

4.     After serving his initial disclosures, Plaintiff did not supplement the disclosure.

5.     Per this Court's order, discovery in this matter was required to be completed

October 31, 2016. [Doc. 19]

6.     Plaintiff did not disclose Robert Wegele as a witness until March 31, 2017, when

counsel for parties met to exchange exhibits in preparation for the pre-trial conference in this

matter.

## MEMORANDUM OF LAW

"If a party fails to provide information or identify a witness as required by Rule (26)(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial…." Fed.R.Civ.P. 37(c)(1).  When examining whether a witness should be excluded from trial the courts examine the following factors: "(1) the importance of the testimony; (2) the reason for the [Plaintiff's] failure to disclose the witness; and (3) the prejudice to the opposing party if the witness [is] allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004), citing, *Rogers v. Muscogee County Sch. District*, 165 F.3d 812 (11th Cir. 1999).

Defendants were not made aware that Plaintiff intended to call Robert Wegele as a witness until counsel for the parties met to exchange exhibits in preparation for the pre-trial conference – more than a year after Plaintiff was required to disclose his witnesses and approximately five (5) months after the close of discovery.  Counsel for Defendants were informed at the same meeting that Robert Wegele is Plaintiff's father.  Defendants note that during deposition, Plaintiff disclosed that he had spoken with his father about the incident. (Plaintiff's Depo. 56:12-21)  However, Plaintiff's testimony was that the information his father had regarding the incident was relayed by Plaintiff himself. *Id*.

In looking at the factors regarding whether Robert Wegele should be permitted to testify, all of the factors weigh in Defendants favor and Robert Wegele's testimony should be excluded from trial.

First, with regard to the importance of the testimony, Plaintiff's own deposition testimony is that he told his father about the incident.  Robert Wegele was not present the night of the incident and would have no independent knowledge as to what occurred.  Therefore, any

testimony provided by Robert Wegele would be cumulative to that provided by Plaintiff and would not be considered "important". Plaintiff's testimony as to his recollection of events and alleged damage is the best evidence of what occurred in this matter and Robert Wegele's second-hand account should be excluded at trial.[1]

Second, when the issue of why Plaintiff had not disclosed Robert Wegele as a witness was raised at the meeting with counsel, Plaintiff's counsel offered no explanation. As Robert Wegele is Plaintiff's father, Defendants are unable to determine any reason Plaintiff would not have known he intended him to call him as a witness prior to the close of discovery and cannot determine any valid reason why Plaintiff would not have informed Defendants of same. As a result of Plaintiff's failure to timely disclose this information, Robert Wegele's testimony should be excluded at trial.

Third, Defendants are prejudiced by the fact that they did not have the opportunity to depose Robert Wegele prior to the close of discovery. While Defendants were aware Plaintiff had spoken to his father about the incident, nothing about Plaintiff's deposition testimony suggested (or placed Defendants on notice) that Robert Wegele would have any relevant information to the case, other than what Plaintiff had already disclosed. As such, there was no reason to take his deposition absent a disclosure from Plaintiff that he intended to call him as a witness. Plaintiff's failure to timely disclose Robert Wegele subjects Defendants to unfair surprise at trial as to what, if any, relevant information the witness might provide as to the issues being litigated. Accordingly, Robert Wegele's testimony should be excluded at trial.

---

[1] Defendant maintains that Robert Wegele's testimony should be excluded in its entirety. However, to the extent Plaintiff may intend to illicit opinions from Robert Wegele as they pertain to alleged damages, whether physical or psychological, said testimony would be improper opinion testimony because Plaintiff did not disclose Robert Wegele as an expert.

It is undisputed that Plaintiff did not disclose Robert Wegele as a witness consistent with Federal Rule of Civil Procedure 26. Accordingly, pursuant to Federal Rule of Civil Procedure 37, Plaintiff should not be permitted to use him as a witness at trial.

Counsel for the Plaintiff has been consulted on this motion and objects to the relief requested herein.

WHEREFORE, Defendants respectfully request that the Court grant this Motion in Limine and exclude the testimony of Robert Wegele at trial.

Respectfully submitted,

ROBERT D. KLAUSNER
Florida Bar No. 244082
PAUL A. DARAGJATI
Florida Bar No. 713813
KLAUSNER, KAUFMAN,
JENSEN & LEVINSON, P.A.
7080 N.W. 4th Street
Plantation, Florida 33317
Telephone:    (954) 916-1202
Fax:              (954) 916-1232

By: */s/   Paul A. Daragjati*
     Paul A. Daragjati
     Counsel for Defendant Luyando

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

     */s/ Paul A. Daragjati*
     Counsel for Defendant Luyando