IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN LEE WEGELE

    Plaintiff,

v.

                                            Case No.: 3:15-CV-1061-J-34JBT

JUAN LUYANDO, as an individual,
CITY OF JACKSONVILLE, R.G.
BLALOCK, as an individual, CITY
OF JACKSONVILLE BEACH,

    Defendants.

_____/

## TRIAL BRIEF

The Plaintiff respectfully submits this brief for the Plaintiff which outlines how the plaintiff believes that the Court should view this issue of qualified immunity after the ruling of the Supreme Court in *Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466 (2015).

**Question Presented**

How should the court view qualified immunity in light of the *Kingsley* decision and should it apply to the Defendant Juan Luyando?

**Qualified Immunity should not apply to Jaun Luyando in this case.**

In the Kingsley v. Hendrickson case, the Plaintiff, Kingsley was awaiting trial, and officers forcibly removed Kingsley from his cell and a complaint under 42 U.S.C. section 1983 was brought alleging excessive use of force against those officers. Like Plaintiff Wegele's claims, this conduct involves an excessive use of force while the Plaintiff was a pretrial detainee.

Mr. Wegele also alleges an excessive use of force under section 1983 when he was

abused by Defendant Luyando.

Mr. Wegele must show that the Defendant Lyando, a law enforcement officer, purposefully or knowingly used force against him was objectively unreasonable from the prospective of the reasonable officer.  In any light, it is not reasonable for Juan Luyando to punch a wheelchair bound, handcuffed, and shackled detainee several times about the face and head.  Juan Luyando had no knowledge that would make it objectively reasonable to punched a shackled detainee in the face multiple times.  In the pre or post Kingsley standard, the Defendant Luyando, knew that punching a detainee multiple times was a violation of his rights.  Defendant Juan Luyando cannot assert a defense of qualified immunity.  "Finally, the use of an objective standard adequately protects an officer who acts in good faith" *Kingsley,* 576 U.S\_\_\_\_\_(2015).  It cannot be asserted under an objective standard the Defendant Luyando acted in good faith.

**Conclusion**

Defendant Luyando cannot assert a qualified immunity defense because he purposely struck the Plaintiff in order to punish the Plaintiff for his actions and a reasonable officer would have known that this was a violation of Mr. Wegele's rights at the time he was striking Mr. Wegele.

Dated: July 17, 2017

Respectfully Submitted,

 /s/ Gordon Fenderson_____
Gordon Fenderson, Esquire
Trial Counsel
Florida Bar No. 0759201
8160 Baymeadows Way West, Suite 100
Jacksonville, Florida 32256
Tel. (904) 674 0007 Fax (904) 674 0070

        Primary E-Mail: gfenderson@fendersonlaw.com
        Secondary E-Mail: attorneys@fendersonlaw.com
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 17, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will transmit Notice of Electronic Filing to counsel of Record.

        /s/ Gordon Fenderson_____
        Attorney