## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**RYAN LEE WEGELE,**

           **Plaintiff,**

**3:15-cv-1061-MMH-JBT**

**v.**

**JUAN LUYANDO,**

           **Defendants.**

_____

## DEFENDANT JUAN LUYANDO'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SANCTIONS

COMES NOW, the Defendant Juan Luyando, pursuant to Federal Rule of Civil Procedure 41(b), and moves this Honorable Court to dismiss this case for failure to prosecute and failing to comply with multiple orders of this Court and files the below memorandum of law in support of his *ore tenus* motion for sanctions (Doc. 89).  In support, Defendant states:

1.  On July 17, 2015, the Plaintiff filed his Complaint in Florida Circuit Court for the Fourth Judicial Circuit.  The Plaintiff named as defendants the City of Jacksonville, Juan Luyando, the City of Jacksonville Beach and Jacksonville Beach Police Officer R.G. Blalock. (Doc. 2).

2.  On August 27, 2015, the City of Jacksonville removed this case to the United States Court for the Middle District of Florida, based upon the Plaintiff's claims under 42 U.S.C. § 1983.  (Doc. 1).

3.  On September 2, 2015, the Court struck the Plaintiff's Complaint as an impermissible shotgun pleading, and ordered the Plaintiff to file an amended complaint on or before September 28, 2015.  (Doc. 8).

4.　　On October 7, 2015, the Court issued an order to show cause why this case should not be dismissed and sanctions imposed due to the Plaintiff's failure to comply with the Court's September 2 order, with a response due by October 21, 2015.  (Doc. 13).

5.　　On October 21, 2015, the Plaintiff filed his amended complaint and response to the Court's order to show cause.  (Docs. 15 and 16).

6.　　On September 27, 2016, a deposition of Defendant Luyando was scheduled to start at 10:00am.  The deposition was noticed by counsel for co-defendant Jacksonville Beach and agreed as to time and place by all parties.  On that date, at 9:29am, Plaintiff's counsel's office sent an email requesting the deposition be delayed until 10:30am due to Plaintiff's counsel's anticipated tardiness.  Counsel for Jacksonville Beach, Jacksonville and Luyando waited until 10:30am, but started the deposition when Plaintiff's counsel had still not arrived. Counsel for the Plaintiff arrived at the deposition at 10:50am.  (See Doc. 45-4, p.16, line 15-22).

7.　　On November 14, 2016, Jacksonville Beach and R.G. Blalock filed their motions for summary judgment.  (Docs. 39 and 40).  On November 30, 2016, Jacksonville and Luyando filed their motions for summary judgment.  (Docs. 43 and 45).

8.　　On December 15, 2016, the Court ordered the Plaintiff to respond to the motions for summary judgment filed by Jacksonville Beach and R.G. Blalock, or the Court would treat them as being unopposed.  (Doc. 47).

9.　　On January 9, 2017, the Court issued an order dismissing the claims against Jacksonville Beach and R.G. Blalock, without prejudice, due to the Plaintiff's failure to respond to Jacksonville Beach and Blalock's motions for summary judgment, notwithstanding having been ordered by the Court to do so.

10.     Throughout the history of this case, the Plaintiff did not engage in the standard discovery protocols that would be expected of a diligent plaintiff.  The Plaintiff did not send interrogatories, requests for admission or requests to produce, and did not depose any of the defendants.  The one defendant that was deposed, Luyando, was initiated and noticed by co-defendant, City of Jacksonville Beach.

11.     At the final pre-trial conference on July 24, 2017, the parties raised the issue of a bench trial, but counsel for the Plaintiff advised the Court that he had to confirm the Plaintiff would waive trial by jury.  The Plaintiff refused to waive his right to a jury trial.  (See Doc. 75).

12.     On August 7, 2017, the Court issued a trial order, setting jury selection on August 28, 2017 at 9:00am, and trial on August 29, 2017.  (Doc. 77).

13.     On August 28, 2017 at 9:00am, Luyando, counsel for Luyando, Plaintiff's counsel, courtroom personnel and prospective jurors were present in, or near, Courtroom 5A for jury selection, pursuant to the Court's trial order.

14.     Plaintiff did not appear for jury selection.  Plaintiff did not call his attorney to tell his attorney that Plaintiff would not be appearing for jury selection and did not respond to his attorney's attempts to contact him via telephone.

15.     Upon inquiry by the Magistrate Judge, counsel for the Plaintiff explained that Plaintiff was advised and aware that jury selection was set for August 28, 2017 at 9:00am. Counsel for Plaintiff explained that there was no accident keeping Plaintiff from appearing and that his office had spoken with Plaintiff, but "had difficulties in communicating with [Plaintiff]."

16.     The Plaintiff has displayed a history of contumacious conduct since the start of this litigation and the Plaintiff's failure to appear at his jury selection merits dismissal of his case with prejudice, and sanctions in the form of attorney's fees.

**Argument**

Inherent power describes the control necessarily vested in courts to manage their own affairs to achieve the orderly and expeditious disposition of cases. *In re Novak*, 932 F.2d 1397, 1406 (11th Cir. 1991). Such powers are essential to the administration of justice. *Id.* This includes more than the power to impose silence, respect and decorum, in its presence, and submission to its lawful mandates; it also encompasses the power to issue orders necessary to facilitate activity authorized by statute or rule. *Id.* (internal quotations and citations omitted).

An order issued by a court having subject-matter jurisdiction over a case before it, and personal jurisdiction over the parties to that case, must be obeyed, regardless of the ultimate validity of the order. *Wieckiewicz v. Educ. Credit Mgmt. Corp.*, 443 F. App'x 449, 451 (11th Cir. 2011). The only exceptions to this rule are: "(1) where adequate and effective remedies do not exist for orderly review of the challenged ruling and (2) where the order is 'transparently invalid' or 'patently frivolous.'" *Id.* The Court's jurisdiction over the subject matter and persons in this case is established, and the trial order can hardly be described as invalid or frivolous.

The Court in this case has had to issue two orders compelling the Plaintiff to diligently prosecute his case, at the risk of dismissal, one of which the Plaintiff completely ignored. When the attorneys in the case raised the issue of a bench trial, the Plaintiff refused to waive his right to a jury trial, yet failed to appear at jury selection. The Plaintiff's failure to engage in discovery and failure to obey various orders by this Court are evidence of the Plaintiff's failure to diligently prosecute this case, and merits dismissal under Fed.R.Civ.P. 41(b). Where a plaintiff shows dilatory behavior throughout a case, it is not an abuse of discretion to dismiss the case with prejudice, without notice or hearing. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). Although certain factual particulars described above are attributable to counsel and not the

Plaintiff himself, the United States Supreme Court is clear that a litigant voluntarily chooses his attorney as his representative, and he cannot avoid the consequences of the acts or omissions of his chosen agent.  *Id*. at 633-634.  "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney." *Id*.

The Plaintiff has treated our system of justice contemptuously, ignoring trial court orders and failing to diligently prosecute this case.  The case history merits dismissal.  Luyando, therefore, respectfully moves this Honorable Court to dismiss this case with prejudice and award attorney's fees for the time spent in preparation for trial and appearing at jury selection.

Respectfully submitted,

ROBERT D. KLAUSNER
Florida Bar No. 244082
PAUL A. DARAGJATI
Florida Bar No. 713813
KLAUSNER, KAUFMAN,
JENSEN & LEVINSON, P.A.
7080 N.W. 4th Street
Plantation, Florida 33317
Telephone:     (954) 916-1202
Fax:              (954) 916-1232

By:  */s/  Paul A. Daragjati*
    Paul A. Daragjati
    *Counsel for Defendant Luyando*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on Monday, August 28, 2017, I furnished the foregoing via electronic mail to the below listed entities:

Gordon L. Fenderson, Esq.
Douglas W. Shanteau, Esq.
644 Cesery Blvd, Ste. 310
Jacksonville, FL 32211
gfenderson@f-h-law.com
dshanteau@f-h-law.com
Counsel for Plaintiff

Michael J. Roper, Esq.
Cindy A. Townsend, Esq.
Bell & Roper, P.A.
2707 East Jefferson Street
Orlando, FL 32803
mroper@bellroperlaw.com
ctownsend@bellroperlaw.com
Counsel for R.G. Blaylock and
Jacksonville Beach Police Department

Ashley Benson, Esq.
Assistant General Counsel
Office of the General Counsel
City of Jacksonville
117 West Duval Street, Suite 480
Jacksonville, FL 32202
abenson@coj.net
(904) 630-1830 (telephone)
(904) 630-1316 (facsimile)
Counsel for the City of Jacksonville

*/s/ Paul A. Daragjati*
*Attorney for Defendant Luyando*