UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**RYAN LEE WEGELE,**

      **Plaintiff,**

3:15-cv-1061-MMH-JBT

v.

**JUAN LUYANDO,**

      **Defendants.**

_____

**DEFENDANT JUAN LUYANDO'S RESPONSE TO THE COURT'S
ORDER OF JANUARY 23, 2018 AND RENEWED MOTION TO DISMISS**

COMES NOW, the Defendant Juan Luyando, pursuant to the Court's Order of January 23, 2018 (Doc. 93), and moves this Honorable Court to dismiss this case for failure to prosecute. In support, Defendant states:

1. On August 28, 2017, this case was set for jury selection, but Ryan Wegele did not appear.

2. The same day Luyando moved for dismissal based on Wegele's failure to appear for jury selection and prosecute his case. (Doc. 90).

3. On August 29, 2017, the Court denied Luyando's motion to dismiss without prejudice, and entered an Order directing Wegele to pay $1,100.00 into the registry of the Court no later than October 30, 2017, as a sanction for his failure to appear for trial. (Doc. 92).

4. On November 6, 2017, the undersigned inquired of counsel for Wegele via email, whether Wegele had satisfied the conditions set by the Court.

5. On November 8, 2017, counsel for Wegele responded via email that he was "not aware that anything has been paid to the court."

6. Out of an abundance of caution, Luyando delayed renewing his motion to dismiss for failure to prosecute, in case Wegele did pay the sanction and had good cause for paying the fine out of time.

7. Pursuant to the Court's Order of January 23, 2018, Wegele has not paid the sanction ordered by the Court.

8. Luyando, therefore, renews his motion to dismiss for failure to prosecute, and adopts the argument and facts articulated therein.

**Argument**

Inherent power describes the control necessarily vested in courts to manage their own affairs to achieve the orderly and expeditious disposition of cases. *In re Novak*, 932 F.2d 1397, 1406 (11th Cir. 1991). Such powers are essential to the administration of justice. *Id.* This includes more than the power to impose silence, respect and decorum, in its presence, and submission to its lawful mandates; it also encompasses the power to issue orders necessary to facilitate activity authorized by statute or rule. *Id.* (internal quotations and citations omitted).

An order issued by a court having subject-matter jurisdiction over a case before it, and personal jurisdiction over the parties to that case, must be obeyed, regardless of the ultimate validity of the order. *Wieckiewicz v. Educ. Credit Mgmt. Corp.*, 443 F. App'x 449, 451 (11th Cir. 2011). The only exceptions to this rule are: "(1) where adequate and effective remedies do not exist for orderly review of the challenged ruling and (2) where the order is 'transparently invalid' or 'patently frivolous.'" *Id.* Neither exception is present here.

Where a plaintiff shows dilatory behavior throughout a case, it is not an abuse of discretion to dismiss the case with prejudice, without notice or hearing. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). After being provided the opportunity to cure his error, Wegele has

refused to abide by the sanction imposed by the Court.  Luyando urges this Court to dismiss this case, with prejudice, for failure to prosecute.

                Respectfully submitted,

                ROBERT D. KLAUSNER
                Florida Bar No. 244082
                PAUL A. DARAGJATI
                Florida Bar No. 713813
                KLAUSNER, KAUFMAN,
                JENSEN & LEVINSON, P.A.
                7080 N.W. 4th Street
                Plantation, Florida 33317
                Telephone:   (954) 916-1202
                Fax:           (954) 916-1232

                By: **/s/  Paul A. Daragjati**
                     Paul A. Daragjati
                     *Counsel for Defendant Luyando*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on Tuesday, February 06, 2018, I furnished the foregoing via electronic mail to the below listed entities:

Gordon L. Fenderson, Esq.
Douglas W. Shanteau, Esq.
644 Cesery Blvd, Ste. 310
Jacksonville, FL 32211
gfenderson@f-h-law.com
dshanteau@f-h-law.com
Counsel for Plaintiff

Michael J. Roper, Esq.
Cindy A. Townsend, Esq.
Bell & Roper, P.A.
2707 East Jefferson Street
Orlando, FL 32803
mroper@bellroperlaw.com
ctownsend@bellroperlaw.com
Counsel for R.G. Blaylock and
Jacksonville Beach Police Department

Ashley Benson, Esq.
Assistant General Counsel
Office of the General Counsel
City of Jacksonville
117 West Duval Street, Suite 480
Jacksonville, FL 32202
abenson@coj.net
(904) 630-1830 (telephone)
(904) 630-1316 (facsimile)
Counsel for the City of Jacksonville

             ***/s/ Paul A. Daragjati***
             *Attorney for Defendant Luyando*