**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RYAN LEE WEGELE,

    Plaintiff,

vs.                                                                Case No.  3:15-cv-1061-J-34JBT

JUAN LUYANDO,

    Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Juan Luyando's Response to the Court's Order of January 23, 2018 and Renewed Motion to Dismiss (Dkt. No. 95; Motion) filed on February 6, 2018.  In the Motion, Defendant seeks dismissal, with prejudice, of this case for failure to prosecute.  See Motion at 1, 3.  Plaintiff has failed to file a response to the Motion, and the time for doing so has passed.  Therefore, the Motion is due to be resolved.

**I.   BACKGROUND**

Plaintiff, Ryan Lee Wegele, initiated this action on July 7, 2015, in state court.  See Complaint (Dkt. No. 2) at 1.  The City of Jacksonville timely removed the action to this Court on August 27, 2015.  See generally Notice of Removal (Dkt. No. 1).  On February 28, 2017, the Court dismissed Wegele's claims against R. G. Blalock and the Jacksonville Beach Police Department for failure to prosecute, see Order (Dkt. No. 55), and on June 30, 2017, the Court granted summary judgment in favor of the City of Jacksonville, see Order (Dkt. No. 64), leaving only Wegele's claim against Defendant Luyando.  In preparation for trial, the

parties prepared a Joint Pretrial Statement (Dkt. No. 68) as well as Motions in Limine[1] and Trial Briefs.[2]  On July 24, 2017, the Court held a Final Pretrial Conference, see Clerk's Minutes (Dkt. No. 72), and on August 7, 2017, the Court entered its Order Scheduling Trial (Dkt. No. 77; Trial Order) setting the matter for a jury trial to begin with jury selection on August 28, 2017.  In accordance with the Trial Order, the parties filed Witness and Exhibit Lists, Proposed Jury Instructions, Proposed Voir Dire Questions, and Proposed Verdict Forms.[3]

On August 28, 2017, counsel for Plaintiff and Defendant appeared as directed for jury selection, as did Defendant Luyando. See Clerk's Minutes (Dkt. No. 87; Post-Jury Selection Minutes).  However, Plaintiff failed to appear for jury selection. See id.  That afternoon, after the Court dismissed the prospective jurors, Defendant Luyando filed Defendant Juan Luyando's Motion to Dismiss and Memorandum of Law in Support of His Motion for Sanctions (Dkt. No. 90; First Motion to Dismiss) arguing that Plaintiff had failed to prosecute his action.  The Court held a hearing on August 29, 2017, to discuss Plaintiff's failure to appear, and Plaintiff and counsel of record were present. See Clerk's Minutes (Dkt. No. 91).

---

[1]   Defendants' First Joint Motion in Limine (Dkt. No. 57); Defendants' Second Joint Motion in Limine (Dkt. No. 58); Defendant Luyando's Motion in Limine (Dkt. No. 59); Defendant Luyando's Second Motion in Limine (Dkt. No. 70); Plaintiff's Response in Opposition to Defendants' Second Joint Motion in Limine (Dkt. No. 61); Plaintiff's Response in Opposition to Defendant Luyando's Motion in Limine (Dkt. No. 62); Plaintiff's Supplemental Response to Defendant Luyando's Motion in Limine (Dkt. No. 65).

[2]   Defendant Juan Luyando's Trial Brief Regarding Qualified Immunity as Applied to the Fourteenth Amendment after Kingsley v. Hendrickson (Dkt. No. 69); Trial Brief (Dkt. No. 71).

[3]   Notice of Filing [Plaintiff's Exhibit and Witness List] (Dkt. No. 78); Defendant's Final Exhibit List (Dkt. No. 79); Defendant's Final Witness List (Dkt. No. 80); Proposed Jury Instructions (Dkt. No. 81); Proposed Verdict Form (Dkt. No. 82); Defendant's Proposed Voir Dire (Dkt. No. 83); Plaintiff's Proposed Voir Dire Questions (Dkt. No. 84); Plaintiff's Proposed Jury Instructions (Dkt. No. 85); Proposed Verdict Form (Dkt. No. 86).

At the hearing, Plaintiff moved for a continuance of the jury trial. After hearing from counsel for both parties, and from Plaintiff himself, the Court, with Plaintiff's consent, entered an Order directing Plaintiff to pay $1,100.00 into the registry of the Court no later than October 30, 2017, as a sanction for his failure to appear. See id. Thus, the Court continued the trial, denied as moot Defendant's oral motion for sanctions, and denied without prejudice Defendant's First Motion to Dismiss. See Order (Dkt. No. 92; Sanction Order). In determining the appropriate sanction, the Court considered Defendant Luyando's request for dismissal but determined that such a sanction was not supported by the record as there had been no showing that no lesser sanction would suffice. The Court also advised Plaintiff that no further action would be taken in this case until the sanction was satisfied. See id. The Court advised Defendant Luyando that he could file a renewed motion to dismiss if the sanction was not satisfied. See id. As of this date, Plaintiff has failed to pay the sanction as directed by this Court. Thus, Defendant filed the instant Motion to which no response has been filed.

## II.    STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure (Rule(s)) "authorize[s] a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." Manning v. Ga. Med. Billing Specialists, Inc., No. CV 204-186, 2005 WL 1638369, at *1 (S.D. Ga. July 12, 2005) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). Pursuant to Rule 41(b), dismissal of an action is appropriate when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth, 766 F.2d at 1535 (emphasis added); see also Hildebrand v. Honeywell,

Inc., 622 F.2d 179, 181 (5th Cir. 1980).[4]  Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules.  See Rule 41(b); see Goforth, 766 F.2d at 1535.  However, that discretion is not unlimited, and the Court is mindful that dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." McKelvey v. AT & T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).  "A finding of such extreme circumstances necessary to support a sanction of dismissal must, at a minimum, be based on evidence of willful delay."  Id. at 1520.  "A party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal." EEOC v. Troy State University, 693 F.2d 1353, 1357 (11th Cir. 1982).

### III.  APPLICATION OF LEGAL STANDARD

#### A.  Plaintiff's Willful Misconduct

Defendant argues that because Plaintiff has failed to pay the sanction imposed by this Court, the case should be dismissed for failure to prosecute.  See Motion at 2.  Upon the Court's independent review of the record, the Court finds that Plaintiff has shown a willful disregard for this Court's orders.  On August 28, 2017, Plaintiff failed to appear for jury selection.  See Post-Jury Selection Minutes.  Due to Plaintiff's failure to appear for jury selection, the Court, with Plaintiff's agreement, entered an order imposing a sanction in the amount of $1,100 (representing the cost of summoning the prospective jurors) as a sanction. See Sanction Order.  The Court ordered that the sanction be paid no later than October 30,

---

[4] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

2017, and Plaintiff has failed to satisfy the sanction. Id.; See Motion. Further, Plaintiff has not requested an extension of time to comply with the Court's Sanction Order, nor has he filed anything to suggest that he made any effort to comply with the Court's Sanction Order. Further, Plaintiff has not requested that the Court modify the sanction or identified an alternative remedy for his actions. Indeed, since the August 29, 2017 hearing, Plaintiff has filed nothing at all in this case. Accordingly, this Court finds a clear record of delay and willful contempt as Plaintiff failed to appear for trial, has failed to comply with the Sanction Order of August 29, 2017, and has failed to respond to the Motion or otherwise participate in this action.

### B. Lesser Sanctions Will Not Suffice

"Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Here, the Court finds, based upon the record, that imposing an alternative or lesser sanction will not deter Plaintiff's disregard of court orders or his disregard of his litigation obligations. The Court has given Plaintiff ample opportunity to comply with its orders. The Court previously imposed a lesser sanction when it directed that Plaintiff pay $1,100 for failure to appear for trial on August 28, 2017, and he failed to comply with that Sanction Order, and has failed to otherwise participate in this action in any manner. Thus, Plaintiff has demonstrated clear disregard for this Court's less drastic methods of compelling him to comply with his obligations.

**IV.   CONCLUSION**

Based on Plaintiff's failure to appear for trial, failure to pay the sanction imposed by this Court's Sanction Order, failure to respond to the Motion, and failure to participate in or further prosecute this action, the undersigned finds that there is a clear record of willful delay by Plaintiff in this matter.  The Court has given Plaintiff ample opportunity to pay the sanction necessary in order to proceed with his case.  Yet, he has failed to do so. Thus, the Court finds based upon the record here that imposing an alternative or lesser sanction on Plaintiff will not curtail or deter Plaintiff's disregard of this Court's Orders or his litigation obligations.  Accordingly, it is hereby

**ORDERED**:

1.   Defendant Juan Luyando's Response to the Court's Order of January 23, 2018 and Renewed Motion to Dismiss (Dkt. No. 95) is **GRANTED**.

2.   This case is **DISMISSED with prejudice**.

3.   The Clerk of the Court is directed to terminate any remaining deadlines or pending motions as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of April, 2018.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja/i40
Copies to:
Counsel of Record

-6-